ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 FEB 22  P 3: 49

CLERK _____
SO. DIST. OF GA.

RICHARD ANDREW SHELTON, JR.,    )
                                )
            Plaintiff,          )
                                )
    v.                          )        CV 306-093
                                )
FRED BURNETTE, et al.,          )
                                )
            Defendants.         )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff brought the captioned case *pro se* pursuant to 42 U.S.C. § 1983. At all times

relevant to the events which form the basis of this lawsuit, Plaintiff was an inmate at Telfair

State Prison ("TSP") in Helena, Georgia.[1]  Plaintiff has filed a "Motion to Amend

Complaint," which is presently before the Court.[2]  (Doc. no. 7).  Because Plaintiff's

complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential

defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by

*pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

---

[1]Plaintiff's most recent filing indicates that his present place of incarceration is Ware
State Prison. (Doc. no. 7, pp. 3, 4). The Clerk is **DIRECTED** to correct the docket reflect
Plaintiff's present address.

[2]Pursuant to Fed. R. Civ. P. 15(a), a party may amend his complaint once as a matter
of course at any time before a responsive pleading is served. Because no responsive
pleadings have been filed, Plaintiff does not need leave of the Court to amend his complaint,
and his motion should be deemed to be **MOOT**. The Court recognizes, however, that
Plaintiff did not fully amend his complaint; therefore, the Court will consider Plaintiff's
original and amended complaint together as discussed in more detail below.

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[3]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Fred Burnette, Warden; (2) Pat Ethredge, Warden of Care and Treatment; (3) Ricky McLin, Sergeant; and (4) Debbie Hardy, Head of Institutional Medical Facilities. (Doc. no. 1, p. 4).

Plaintiff's complaint sets forth the various problems he has encountered since arriving at TSP on May 16, 2006. (Doc. no. 1). To protest these inequities, including the finding of mental health medication in his food, continued "administrative indifference" by TSP staff, and the constant misappropriation of his legal and special interest correspondence, Plaintiff began a hunger strike on September 28, 2006, which allegedly was still ongoing as of the date he filed the present action. (Id. at 5). During this hunger strike, Plaintiff was placed in lock-down and was allegedly denied medical attention, despite experiencing health problems which resulted from the hunger strike. (Id.). Plaintiff contends that as a result of his health problems he should be transferred to a facility with a dedicated medical unit; however, Defendants Burnette and Ethredge have made it clear that they will not grant him a transfer. (Id.). Plaintiff is requesting that the Court grant him a transfer from TSP, a medical examination by an experienced medical practitioner, a monetary health and medical insurance escrow account, and compensation for his pain and suffering. (Id. at 6-7).

---

[3]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

Plaintiff states that he filed an informal grievance regarding his claims and subsequently filed a formal grievance when his complaints were not resolved. (Id. at 3). However, Plaintiff states that the grievance procedure was biased because Defendant Ethredge, the subject of several of his complaints, issued the official resolution of his grievance. (Id.). Plaintiff's complaint states that he did not appeal the denial of his grievance. (Id. at 4). Plaintiff's "Motion to Amend Complaint" explains that, due to the urgent nature of his claims and the administrative delay of Defendants, he did not pursue an administrative appeal before filing the present civil action and requests that the Court grant him an extension until February 27, 2007, the date a response to his grievance appeal is due, before screening his complaint. (Doc. no. 7, p. 2).

## II. DISCUSSION

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. __, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2385-86

3

(internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. __, 126 S.Ct. 2978 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Here, Plaintiff admits that he has failed to complete the exhaustion process prior to filing suit, but he alleges that this failure should be excused because of the nature of his claims and the fact that Defendants delayed the commencement of the grievance appeal process.

First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Furthermore, Plaintiff's complaints regarding Defendants' alleged delays in the administrative appeal process and the purported urgent nature of the issues in this case cannot serve to obviate the exhaustion requirement. Under the PLRA, the Court has no discretion to inquire into whether

4

administrative remedies are "plain, speedy, [or] effective." <u>Porter</u>, 534 U.S. at 524; <u>see also</u>

<u>Alexander</u>, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement,

administrative remedies are deemed "available" whenever "'there is the possibility of at least

some kind of relief.'"  <u>Johnson</u>, 418 F.3d at 1155, 1156.  Thus, in light of Plaintiff's

admission that he failed to properly exhaust administrative remedies, the instant complaint

should be dismissed without prejudice.[4]

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative

remedies, that Plaintiff's "Motion to Amend Complaint" (doc. no. 7) be **DENIED** as

**MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of February, 2007, at Augusta,

Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, ___ S. Ct. ___, Case No. 05-7058, slip op. at 15 (Jan. 22, 2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed.